[L. A. No. 8908. Department Two.—December 16, 1927.]

## G. L. WARSON, Trustee, Appellant, v. TALPEY–ARNOLD SYNDICATE et al., Respondents.

[1] CONTRACTS — PRELIMINARY AGREEMENT — FAILURE TO MAKE SUP-PLEMENTARY CONTRACT — PLEADING. — In an action in which it is sought to enforce specific performance of an alleged contract with reference to oil and gas leases, where the contract sued

---

1. Specific performance of contract some of the terms of which are to be agreed upon by the parties, note, L. R. A. 1917D, 1079.

> upon recites that it is a preliminary agreement, embodying only the spirit of a contemplated supplementary contract to be entered into by the parties, and it appears from the facts alleged in the complaint that the minds of the parties never met upon the details of the supplementary agreement, the complaint does not state a cause of action and a demurrer thereto is properly sustained.

(1) 36 Cyc., p. 587, n. 75.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Burnell, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Charles S. Wheeler, Charles S. Wheeler, Jr., and Henry F. May for Appellant.

R. L. Alderman, E. S. Williams and Nolan, Rohe & Freston for Respondents.

LANGDON, J.—Appeal by plaintiff from a judgment against him in an action in which he sought specific performance of a contract with reference to oil and gas leases upon land in Canada, with a prayer for incidental and alternative relief.

The plaintiff acted as the trustee or agent of a syndicate known as the Underwriters of the Consolidated Petroleum Company in making the contract involved herein, and sues in such capacity.   The defendant Syndicate was a general partnership, composed of the other named defendants, organized and existing for the purpose of acquiring and operating oil and gas lands in the United States and Canada.   The contract involved in this case, which was attached to the complaint, provided that the plaintiff should drill a test well on certain property leased to defendants, known as "No. 2 Structure," on Pakowki Lake, and in consideration of such work should be given "leases or acreage on some or all of the various other structures, numbers 1 to 16," which are numbered and named in the contract.   Plaintiff was to receive leases covering 5,200 acres on the said Pakowki Lake structure and an additional 10,000 acres of Canadian government oil and gas leases, distributed among the other structures named.   It was provided, further, "that the actual

202 Cal.—42

choosing and designation of said acreage shall finally be made at the office of said First Party (defendant herein) in Calgary, Alta., and such description embodied in a supplementary agreement.'' Other provisions, of no materiality here, are then embodied in the contract, after which the following appears: ''It is understood that this is a preliminary contract, being exact only as to the spirit of the undertaking of both parties, and final details shall be embodied in said supplementary agreement herein referred to and to be made at the time of the determination of specific leases.''

No supplementary agreement is set forth in the pleading of plaintiff, although it is alleged by him that he and the agent for the defendant Syndicate, thereafter, ''did select and designate the lands upon which leases were to be assigned, pursuant to the provisions of said contract, which selections said Talpey agreed were fair and equitable to both parties; and plaintiff did then and there promptly notify the said Syndicate, in writing, through the said J. R. Talpey, of such selections and requested him and said Syndicate to deposit in escrow in some bank in said Calgary the leases covering the lands so selected.''

It appears from the complaint that the defendant failed and refused to place the leases covering the lands so selected, or any of them, in escrow, claiming and alleging that the greater part of said leases had been disposed of by the Syndicate to other parties, and promising to try to secure them from such other parties. The plaintiff alleged that he was able, ready, and willing to complete the drilling to be done by him.

It is alleged that the defendant made efforts to recover the leases and, later, notified plaintiff that they were unable to recover some of them, and confirmed the other selections made by plaintiff and suggested that new selections be made for the remaining acreage and that the drilling be done upon land other than that originally selected for that purpose. To this suggestion, plaintiff alleges, he agreed. Plaintiff alleges that he ''offered to agree upon other tracts in place of the drilling tract of 5,200 acres and upon structures in which leases had already been chosen and agreed upon and suggested and offered and attempted to agree upon such tracts to make up the complete acreage in the various structures to which plaintiff for himself and his associates was and is entitled; but that said Syndicate and its members

have refused and still refuse to come to any agreement as to such acreage or to carry out the terms of said contract or agreement, or any part thereof, and have so notified plaintiff."

Among other prayers for relief, plaintiff asks that defendants "be required to come to some agreement in the matter of the selection of the parts of the 5,200 acres which it and they claimed they were unable to furnish" on certain designated structures and "to that end, either to agree to tracts in lieu thereof suggested by plaintiff, or to suggest tracts, on their behalf for his consideration, pursuant to the suggestion and request made by them," etc.

Plaintiff also offers to waive the further selection of acreage as part of his consideration under the contract and offers to perform, upon consideration of the transfer of the leases to the tracts which were designated by him; and which he alleges were accepted by the defendant.

The complaint was attacked by general demurrers by the several defendants, which demurrers were sustained, and plaintiff having failed to amend his complaint, judgment was entered in favor of defendants.

[1] The contract appears to be, and it expressly recites that it is, a preliminary agreement, embodying only the spirit of a contemplated supplementary contract to be entered into by the parties, and it is perfectly clear, from the facts alleged in the complaint that the minds of the parties never met upon the details of such supplementary agreement.

No question arises as to the power of the court to give either equitable relief by specific performance or legal relief by damages for breach of contract, for the contract pleaded, upon its face, gives no right of action upon any theory, without a definite supplementary agreement such as was contemplated by the parties. The instrument pleaded shows on its face that it was not intended to form the basis of contract rights and it, expressly, recites this fact.

We think the demurrers were properly sustained. The judgment appealed from is affirmed.

Richards, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices concurred.